IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EYPHRA RANSOM,                          *

    Plaintiff,                          *

v.                                      *          Civil Action No. GLR-22-2355

ALEJANDRO MAYORKAS, et al.,             *

    Defendants.                         *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Alejandro Mayorkas and Deanne Criswell's ("Defendants") Motion to Dismiss or, in the Alternative, Transfer (ECF No. 26), and self-represented Plaintiff Eyphra Ransom's Motion to Amend Pleading (ECF No. 34). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion to Dismiss and deny the Motion to Amend Pleading.

## I.    BACKGROUND[1]

Self-represented Plaintiff Eyphra Ransom worked as a logistics management specialist for the Federal Emergency Management Agency ("FEMA") in Washington, D.C. (Sept. 15, 2022 Statement of Facts ["SOF"] ¶ 1, ECF No. 1-1). The factual details of her employment there are unclear. She filed a form Complaint, (ECF No. 1), alleging discriminatory conduct, including failure to hire and unlawful termination, on the basis of

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

her race, sex, and autism disability. (Compl. at 4, ECF No. 1). Notably, she does not identify her gender or race. (See id.). She also filed the following attachments to her Complaint: a Statement of Facts (ECF No. 1-1), which she amended several times, (ECF Nos. 8, 12, 14, 23),[2] a Merit Systems Protection Board ("MSPB") decision in docket number DC-0752-20-0145-I-1 ("MSPB DC-0752-20-0145-I-1"), (ECF No. 1-2), and the Equal Employment Opportunity Commission's ("EEOC") decision number 2021000075 affirming the MSPB ruling ("EEOC 2021000075"), (ECF No. 1-3).

MSPB DC-0752-20-0145-I-1 and EEOC 2021000075 set forth the facts as follows: on August 21, 2019, FEMA issued a Notice of Proposed Removal to Ransom. (EEOC 2021000075 at 1, ECF No. 1-3). The Notice charged Ransom with failure to follow instructions, eleven instances of absence without leave; lack of candor; and inappropriate behavior, including yelling. (Id. at 2). It stated that her behavior did not improve with informal and formal counseling. (Id.). Ransom responded to the Notice with a request for reasonable accommodation, in which she explained that she had recently been diagnosed with autism. (Id.).

On October 16, 2019, FEMA issued its decision to remove Ransom, and it removed her from federal service on October 17, 2019. (Id. at 3). Ransom alleges that FEMA has since prevented her from applying for some open positions and failed to hire her for other

---

[2] The Statements of Fact focuses mostly on the procedural history of this case, as discussed below, and the relief requested from the Court. (See generally Sept. 15, 2022 SOF, ECF No. 1-1). Thus, they provide very little insight on the alleged discrimination.

positions. (Apr. 11, 2023 SOF ¶ 8(k), ECF No. 23). She suffered economic damages, such as loss of income, as a result. (Id. ¶ 8(l)).

Ransom appealed her termination to the MSPB on November 18, 2019. (EEOC 2021000075 at 3). The MSPB assigned her case docket number DC-0752-20-0145-I-1 and issued its decision on July 30, 2020. (Sept. 15, 2022 SOF ¶ 3; MSPB DC-0752-20-0145-I-1 at 1, ECF No. 1-2). The MSPB found that FEMA had charged Ransom for legitimate infractions, and it affirmed the decision to remove her. (MSPB DC-0752-20-0145-I-1 at 55). Ransom argued that removal was unlawfully based on disability discrimination. (Id. at 29–30). The MSPB found that she failed to establish disability discrimination, primarily because FEMA learned of her autism diagnosis after it issued the Notice of Proposed Removal, and she has otherwise failed to show that her disability had any bearing on her removal. (Id. at 36). Further, the MSPB explained that Ransom had not established disparate treatment and that FEMA applied its rules and standards for removal uniformly. (Id.). The MSPB explained that the Rehabilitation Act does not immunize disabled employees from discipline—rather, disabled employees may be disciplined if the same conduct would be subject to discipline for a non-disabled employee. (Id. at 36–37).

On October 3, 2020, Ransom appealed MSPB's decision to the EEOC, which assigned it the petition number 2021000075. (Sept. 15, 2022 SOF ¶ 7; EEOC 2021000075 at 1). On May 24, 2021, the EEOC issued its decision affirming the MSPB's ruling. (EEOC 2021000075 at 5–6). The EEOC agreed that no disability discrimination had occurred, and that FEMA's charges were warranted. (Id. at 5). Ransom alleges various errors in the

handling of her case by the MSPB and the EEOC, and she says that these errors violated "EEOC MD-110."[3] (Apr. 11, 2023 SOF ¶ 8).

Ransom has filed at least three additional administrative complaints with the MSPB or the EEOC, although the exact details of these complaints and their procedural history is unclear. She claims to have filed "HS-FEMA-1742-2021," (Sept. 15, 2022 SOF ¶ 12), but this claim is apparently irrelevant to the present suit and still pending before the EEOC, so the Court will not discuss it further. (See Mem. L. Opp'n Mot. Dismiss ["Opp'n Mot. Dismiss"] at 22, ECF No. 31 ("HS-FEMA-01742-2021 is not related to 1:22-CV-02355-GLR.")). Ransom also mentions EEOC petition number 2022004160 but does not describe the alleged complaint or decision further. (See Apr. 11, 2023 SOF at 4).[4] Additionally, she filed complaint "HS-FEMA-1522-2019" with FEMA on November 24, 2021, in which she alleged race and gender discrimination, as well as retaliation. (Opp'n Mot. Dismiss at 22). She later appealed that case to the EEOC, which issued its decision number 202200076 ("EEOC 202200076") affirming FEMA's termination of Ransom on January 31, 2023. (Id.). The EEOC also issued a right-to-sue letter on that date, (id.), but Ransom had already

---

[3] The Court assumes that "EEOC MD-110" refers to EEOC Management Directive 110, which is meant to provide guidance to federal agency employers. U.S. Equal Emp. Opportunity Comm'n, Management Directive for 29 C.F.R. Part 1614 (2015), https://www.eeoc.gov/sites/default/files/migrated_files/federal/directives/md-110.pdf. Ransom mentions this directive in her Statement of Facts, and it is unclear whether she means to include a legal claim based on alleged violations of this directive. To the extent she means to plead such a claim, it must be dismissed for failure to state a claim upon which relief can be granted. The directive is simply guidance for government agencies as employers, and thus it is not a law and does not create a cause of action.

[4] Citations to the Apr. 11, 2023 SOF's page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

filed the instant action before receiving the letter. (See Compl. at 5 (indicating that Ransom had not received a right-to-sue letter at the time she filed the Complaint)).

Ransom has filed two federal lawsuits related to these events. On June 23, 2021, she sued Defendants[5] in Ransom v. Mayorkas, JMC-21-cv-1563 ("Ransom I"). In that suit, she alleged that the MSPB failed to address her whistleblowing retaliation claims in DC-0752-20-0145-I-1. (See July 29, 2022 Mem. Op. at 3, Ransom I, ECF No. 45). On July 29, 2022, the Court dismissed Ransom I without prejudice because Ransom failed to exhaust her remedies as to the Title VII claims, and the Court did not have jurisdiction to hear her whistleblowing claim. (Id. at 7–8).

Ransom filed the instant action ("Ransom II") on September 15, 2022. (ECF No. 1). She makes claims for race, gender, and disability discrimination, (Compl. at 4), as well as retaliation, (Sept. 15, 2022 SOF ¶ 12), and she requests compensatory damages and various forms of injunctive relief, including reconsideration for employment and a promotion. (Id. at 4–9). She claims that Ransom II also constitutes a "re-filing" of Ransom I.[6] (See Feb. 7, 2023 SOF ¶ 14, ECF No. 14).

---

[5] Mayorkas is the Secretary of the Department of Homeland Security, of which FEMA is a part. Criswell is the head Administrator at FEMA. (Compl. at 1).

[6] To the extent Ransom means to include the same claims from Ransom I in the present suit, those claims are barred by the doctrine of res judicata. Res judicata has three elements:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and

On May 8, 2023, Defendants filed a Motion to Dismiss or, in the Alternative, Transfer. (ECF No. 26). Ransom filed an Opposition on June 9, 2023, (ECF No. 31), and Defendants filed a Reply on August 21, 2023, (ECF No. 39). Ransom also filed a Motion to Amend Pleading on July 14, 2023. (ECF No. 34). Defendants filed an Opposition on August 21, 2023, (ECF No. 40), and Ransom filed a Reply on September 5, 2023, (ECF No. 43).

## II.   DISCUSSION

### A.   Standard of Review

#### 1.   Rule 12(b)(1)

Defendants first argue that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Mem. L. Supp. Mot. Dismiss ["Mot. Dismiss"] at 1, ECF No. 26-1). Rule 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction. A defendant challenging jurisdiction may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United

---

determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

Spangler v. McQuitty, 141 A.3d 156, 175 (Md. 2016) (quoting Cochran v. Griffith Energy Servs., Inc., 43 A.3d 999, 1002 (Md. 2012)). Here, the parties are identical, Ransom alleges that she has re-filed the same claims, and there was a final judgment on the merits. Accordingly, any claims asserted in Ransom I must be dismissed.

States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Fed.R.Civ.P. 12(h)(3). "Whenever it appears

by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

### 2. Rule 12(b)(6)

Defendants also argue that Ransom has failed to state a claim upon which relief can be granted. (Mot. Dismiss at 1). The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank

of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684

F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a

whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. Albright, 510 U.S. at 268; Lambeth

v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S.

232, 236 (1974)). But the court need not accept unsupported or conclusory factual

allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604

F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal,

556 U.S. at 678.

### 3.   Rule 15

Ransom requests leave to amend her Complaint. (ECF No. 34). A party may amend

its complaint once as a matter of course within twenty-one days of serving it or within

twenty-one days after the defendant files a motion to dismiss. Fed.R.Civ.P. 15(a)(1). For

all other circumstances, "a party may amend its pleading only with the opposing party's

written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). When seeking leave to amend

from this Court, a party must submit a copy of the proposed amended complaint as well as

a red-lined comparison to the initial complaint. See Local Rule 103.6(a), (c) (D.Md. 2018).

In general, a "court should freely give leave when justice so requires." Fed.R.Civ.P.

15(a)(2). Importantly, though, justice does not require permitting leave to amend when

amendment would prejudice the opposing party, the moving party has exhibited bad faith,

or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G.

Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

**B.      Analysis**

      **1.      Motion to Dismiss, or in the Alternative, Transfer**

      Defendants argue that Ransom's claims should be dismissed for the following

reasons: (1) they were not timely filed; (2) Ransom failed to exhaust her administrative

remedies; (3) venue is improper; and (4) Ransom fails to state a claim for which relief may

be granted. (Mot. Dismiss at 1). The Court will dismiss the case for the first three reasons,

and thus it need not reach Defendants' fourth argument.[7]

      **a.      Timeliness and Administrative Exhaustion**

      Ransom's case appears to stem from her administrative complaints, which were

decided in MSPB DC-0752-20-0145-I-1, EEOC 2021000075, HS-FEMA-1522-2019, and

EEOC 2022000766. (See Apr. 11, 2023 SOF ¶¶ 3, 7, 8(k)). Under 5 U.S.C. § 7703(b)(2),

a civil action challenging an MSPB decision must be filed within thirty days of receipt of

the MSPB's initial decision or, if the initial decision is appealed to the EEOC Office of

Federal Operations ("OFO"), within 30 days of receipt of the EEOC OFO's decision. (See

also EEOC 2021000075 at 6 ("You have the right to file a civil action in an appropriate

---

[7] The Court declines to conduct a formal 12(b)(6) analysis of Ransom's claims. The Court notes, however, that there are no facts whatsoever describing any alleged race or gender discrimination, or even identifying Ransom's race or gender. Accordingly, those claims fail to state a claim upon which relief may be granted.

United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision.")")

As to any claims raised before the MSPB and the EEOC in DC-0752-20-0145-I-1 and 2021000075, they are untimely. Ransom does not allege when she received the EEOC 2021000075 decision, but she attached it to her complaint in <u>Ransom I</u>, which she filed on June 23, 2021. (<u>Ransom I</u>, ECF No. 1-3). Thus, the Court assumes that she received it no later than June 23, 2021. This action was filed on September 15, 2022, (ECF No. 1), more than a year past the thirty-day deadline imposed by 5 U.S.C. § 7703(b)(2). Accordingly, to the extent Ransom raises claims in this action based on her disability discrimination claims in MSPB DC-0752-20-0145-I-1 and EEOC 2021000075, they must be dismissed as untimely.

Ransom argues that her Complaint is timely because the EEOC only recently issued the decision in 202200076 on January 31, 2023, after she filed this action on September 15, 2022. (<u>See</u> Opp'n Mot. Dismiss at 27–28). EEOC 2022000766 is based on the complaint HS-FEMA-1522-2019, which Ransom chose to file directly with the EEOC, not the MSPB. (<u>See</u> Apr. 11, 2023 SOF ¶ 8(k)). Accordingly, the EEOC charge defines the scope of Ransom's right to file a civil suit on those claims, and Ransom must exhaust her administrative remedies before filing. <u>See Miles v. Dell, Inc.</u>, 429 F.3d 480, 491 (4th Cir. 2005) ("[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit"); <u>Chacko v. Patuxent Inst.</u>, 429 F.3d 505, 510 (4th Cir. 2005) ("The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion

requirement to serve the primary purposes of notice and conciliation."); (Jan. 23, 2023 EEOC Decision, ECF No. 31-81 (stating "you have the right to file a civil action . . . within ninety (90) calendar days from the date that you receive this decision)).

Here, Ransom filed her claims related to HS-FEMA-1522-2019 prematurely before she received the EEOC's final decision 2022000766, which was issued January 31, 2023. (See Opp'n Mot Dismiss at 22; Compl. at 5 (indicating that the EEOC had not yet issued a right to sue letter when Ransom filed the Complaint)). Therefore, she had not exhausted her administrative remedies before filing, and the Court must dismiss those claims. See Miles, 429 F.3d at 491.

Additionally, to the extent that Ransom's case includes new facts or claims of discrimination or retaliation not yet presented to the MSPB or the EEOC in the administrative cases discussed above, she has failed to demonstrate exhaustion as to those claims. See Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012) ("[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

In sum, Ransom's claims based on MSPB DC-0752-20-0145-I-1 and EEOC 2021000075 must be dismissed as untimely because she filed this action more than thirty days after receiving the EEOC's decision. As to the second administrative case before the EEOC, HS-FEMA-1522-2019 and EEOC 2022000766, her claims are premature and unexhausted because she filed this action before receiving the EEOC's final decision. If Ransom alleges that her Complaint contains any new claims surrounding facts not yet

brought before the MSPB or the EEOC, she has not demonstrated that those claims are timely and properly exhausted.[8] Accordingly, the Court will dismiss Ransom's Complaint in its entirety.

### b.    Improper Venue

The Court notes that venue is not proper in the District of Maryland, and this matter is also subject to dismissal on that basis. The rules governing venue for Title VII actions are found at 42 U.S.C. § 2000e–5(f)(3) and provide that such actions may be brought:

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

Benton v. England, 222 F.Supp.2d 728, 730 (D.Md. 2002). These same rules apply to ADA and Rehabilitation Act cases. Archuleta v. Sullivan, No. 91-2029, 1991 WL 179071, at *3 n.3 (4th Cir. Sept. 13, 1991) (citing 29 U.S.C. § 794a(a)(1)) "Title VII's venue provision also applies to actions brought under the Rehabilitation Act.")); see also Benton, 222 F.Supp.2d at 730 (citing 42 U.S.C. § 12117(a)) (explaining that ADA claims are governed by the same venue provisions as Title VII claims).

Here, the alleged unlawful employment practices occurred in Washington, D.C., and FEMA's employment records on Ransom are located there. (See Sept. 15, 2022 SOF ¶ 1). If she had obtained the assistant program manager position for which she applied after

---

[8] Indeed, in the April 11, 2023 Statement of Facts, Ransom specifically indicates that some administrative claims are currently "at the EEOC," which further evinces that she has not exhausted her claims. (Apr. 11, 2023 SOF ¶ 8(k)).

being terminated, she would have worked in Washington, D.C. (<u>See</u> Apr. 11, 2023 SOF ¶ 1; Grace Tillman Decl. ¶ 3, ECF No. 26-6). Accordingly, venue is proper in the District Court for Washington, D.C.

Ransom argues that venue is proper in the District of Maryland because of the general venue statute 28 U.S.C. § 1391(e)(1)(c). (Opp'n Mot. Dismiss at 35). But 28 U.S.C. § 1391(a) provides that the general venue rules apply unless "otherwise provided for by law." As set forth above, 42 U.S.C. § 2000e–5(f)(3) governs venue in Title VII, Rehabilitation Act, and ADA lawsuits, and thus venue is proper in the District of Columbia.

Lastly, dismissal, rather than transfer, is appropriate due to improper venue in this case. When venue is improper under § 1391, the district court must dismiss the action or, "if it be in the interest of justice," transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); <u>see also</u> <u>Benton</u>, 222 F.Supp.2d at 731 (explaining that where venue is improper, the court has discretion to either transfer or dismiss the case). For the reasons set forth above, Ransom's claims are untimely and unexhausted, and thus transfer is not in the interest of justice.

**2.      Motion to Amend Petition**

Ransom moves for leave to amend her Complaint so that she can additional facts, including facts related to HS-FEMA-1522-2019 and EEOC 2022000766, which the EEOC issued on January 31, 2023, along with a right to sue letter. (<u>See</u> Proposed Am. Compl. at 6, ECF No. 34-3). The Court will deny her Motion for failure to comply with the Local Rules and because amendment would be futile.

14

Local Rule 103.6(c) requires parties to file not just a clean copy of the proposed amended complaint, but also a redlined copy—i.e. "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Without a redlined copy, the Court cannot discern the exact amendments and will therefore deny her motion.

The Court also finds that amendment would be futile. As set forth above, Ransom's claims are untimely and unexhausted, and venue is improper. Amendment cannot cure these deficiencies because issuance of a right to sue letter after a plaintiff files suit cannot save claims from dismissal. See Shelton v. Kanode, Case No. 7:20-cv-704, 2023 WL 2639279, at *2 (W.D.Va. Mar. 27, 2023) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002)) (explaining that a "plaintiff cannot cure an original failure to exhaust administrative remedies by exhausting administrative remedies after the action was filed and then filing an amended complaint")). Thus, amendment is futile and the Motion to Amend Pleading will be denied. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile.").

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss, (ECF No. 26), and deny Ransom's Motion to Amend Pleading, (ECF No. 34). A separate Order follows.

Entered this 7th day of February, 2024.

_____/s/_____
George L. Russell, III
United States District Judge
